Dear Mr. Diez:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Ascension Parish School Board ("School Board"), you have asked for our opinion on matters related to Louisiana's Public Bid Law, La.Rev.Stat. 38:2211, et. seq. Your opinion request presents several scenarios relating to the "piggy-back" option under Louisiana's Public Bid Law. The key concern appears to be what specific events eliminate the "piggy-back" option.
As a public entity, as defined in La.Rev.Stat. 38:2211(A)(11), the School Board is subject to the provisions of the Louisiana Public Bid Law. Under Louisiana's Public Bid Law, contracts for the purchase of materials and supplies exceeding $30,000 must be advertised and let by contract to the lowest responsible and responsive bidder. La.Rev.Stat. 38:2212.1(A)(1)(a). Contracts for the purchase of materials and supplies costing $10,000 or more, but less than $30,000, must be made by obtaining no fewer than three telephone or facsimile quotations. La.Rev.Stat. 38:2212.1(A)(1)(b). For purchases of less than $10,000, there is no prescribed procurement method.
As an alternative to the customary invitation to bid method for purchases of $30,000 or more, Louisiana's Public Bid Law allows local political subdivisions to "piggy-back" onto a contract competitively bid by another local political subdivision.See Attorney General Opinion Nos. 02-0399, 93-129, 90-582. La.Rev.Stat. 33:1321-1337, the Local Services Law, provides authority for purchases made jointly with other political subdivisions or purchases made under a viable contract previously entered into by another Louisiana local political subdivision.
It has been our opinion that the following steps are necessary for a local political subdivision to piggy-back off an existing public contract of another local political subdivision pursuant to R.S. 33:1321-1327: *Page 2 
1. Verify that the contract was bid in compliance with state law.
2. Verify that the contract is still active, fresh or "viable."
3. Obtain written consent or approval from the other public entity who bid the contract and obtain confirmation as to the contract number and, if necessary, the Council Resolution accepting the contract/bid.
4. Confirm that the vendor and the product, services, materials, supplies or equipment are the same and that the price is same or lower.
Whether a contract is "viable" often depends on the object of the contract, as well as the terms and conditions of the contract. In general terms, we believe a contract for the purchase of materials and supplies is no longer "viable" once the materials and supplies have been transferred to the public entity and payment has been received by the contract vendor. Further, we believe a contract would no longer be "viable" if it has a specific term of duration and that term has passed. Under both of these scenarios, "piggy-backing" would not be an option.
We hope this information is useful. If our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt *Page 1